UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                                        Case No:  09-38041 BKC RBR
                                                                                              Chapter 13
SHANNON RENEE HUTCHERSON

_____Debtor_____/

## MOTION TO VALUE COLLATERAL IN PLAN AND
## STRIP OFF SECOND MORTGAGE TO WACHOVIA BANK

**IMPORTANT NOTICE TO CREDITORS: THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claims of the creditors listed below.**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 20 calendar days from the date this motion was served on you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4).]**

The debtor files this Motion to Value Collateral in Plan pursuant to 11 U.S.C. §506(a), Bankruptcy Rule 3012, Local Rule 3015-3 and seeks to value collateral securing the claims of the creditor(s) listed below by indicating in the plan the description and value of the collateral.

| Description of Collateral and Value of Collateral | Secured Creditor | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| **Real Property located at: 8631 South Sutton Drive, Miramar, FL 33025** **Legal Description:** **Lot 17, Block 17, The Knolls 3rd Section, according to the Plat thereof as recorded in Plat 77, Page 26 of the Public records of Broward County, Florida.** | Wachovia Bank Post Office Box 530554, Atlanta, GA 30353 Second Mortgage re: Collateral The second mortgage is held by Wachovia Bank, has a balance of | **0.0%** | **$0.00** | _1_ To _36_ | **$0.00** **Debtor seeks to avoid lien in full.** |

LF-77 (rev. 06/02/08)                                              1 of 3

| Value of Collateral/ Property: $187,540.00 Value of Creditor's Interest in Property: $0.00, as value of Property secures only the first mortgage on the Property. | $45,958.42, and is completely unsecured. The Property was encumbered by a second junior mortgage with Wachovia Bank which was recorded in Official Records Book 45442 at Pages 424, of the Public Records of Broward County, FL, for the original principal sum of $45,958.42. | | | | |
|---|---|---|---|---|---|

The debtor further states that:

1. Upon the filing of this motion, the debtor reviewed the docket and claims register and states that:

    X   no claims have been filed with respect to the debt that the collateral listed above secures; or

    ☐   the following claims have been filed with respect to the debt that the collateral listed above secures: (List)

2. The debtor:

    X does not object to the following claims listed as filed in paragraph (1) above;

    ☐ has, by separately filed document, objected to the following claims: (List)

**NOTICE IS HEREBY GIVEN THAT:**

**1.** In accordance with the rules of this court, unless an objection is filed with the court and served upon the debtor, the debtor's attorney, and the trustee, Robin Weiner, at or before the hearing scheduled in this matter, the value of the collateral may be established as the amount as stated in the plan and in this motion without further notice, hearing or order of the court. Pursuant to Local Rule 3015-3(A)(3), timely raised objections will be heard at the hearing scheduled on the motion.

**2.** Chapter 13 Debtors may strip off completely unsecured mortgages on homestead property even though 11 U.S.C. 1322(b)(2) prevents alteration of a a secured creditor's rights where the collateral is the Debtor's homestead.  *In re: Lam,* 211 B.R. 36 (9th Cir. BAP 1997), *In re: Tanner*, 217 F. 3rd 1357 (11th Cir. 2000), *In re: Dickerson,* 222 F.3rd. 924 and *Johnson v. Asset Management Group, LLC,* 226 B.R. 364 (D. Md. 1998) and cases cited therein).  As the value of the Property valued in this motion secures only the first mortgage, the Debtor seeks to "strip off" the second mortgage to Wachovia Bank.  The Debtor seeks a recordable order under 11 U.S.C. 506 valuing the collateral at $187,540.00, as per comparable sales in the area and stripping off the second mortgage held by Wachovia Bank

**3.** The undersigned acknowledges that this motion and notice of hearing must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 20 days prior to the hearing date and that a certificate of service must be filed when the motion and notice of hearing are served.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this __6th__ day of January, 2010 to the following:

Clerk of Court and Robin Weiner, Trustee, via ECF

Wachovia Bank, PO BOX 530554, Atlanta, GA 30353 via US Mail

CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)
I HEREBY CERTIFY that I am admitted to the Bar of the
United States District Court for the Southern District of Florida
and I am in compliance with the additional qualifications to
practice in this Court set forth in Local Rule 2090-1(A).

Submitted By:

   /s/
Donna R. Joseph, Esquire
13899 Biscayne Blvd., #142
North Miami Beach, FL 33181
Phone: 305-341-3410
Fax: 305-944-2000
ecf@donnajoseph.com
FL Bar No. 827861