

**ORDERED in the Southern District of Florida on March 29, 2010.**

*Raymond B. Ray, Judge*
*United States Bankruptcy Court*

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  SHANNON RENEE HUTCHERSON                    Case No: 09-38041 BKC RBR
                                                     Chapter 13

_____Debtor_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED**
**STATUS OF LIEN ON REAL PROPERTY HELD BY WACHOVIA BANK**

THIS CASE came to be heard on March 25, 2010 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE #21; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court finds as follows:

A.  The value of the debtor's real property (the "Real Property") located at

8631 S. Sutton Drive, Miramar, FL 33025, and more particularly described as

Lot 17, Block 17, The Knolls 3rd Section, according to the Plat thereof
As recorded in Plat 77, Page 26 of the Public records of Broward
County, Florida.

is $ <u>187,540.00</u> at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of <u>Wachovia Bank</u> (the "Lender") is $ 198,000.00.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ <u>  0  </u> and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Lender has an allowed secured claim in the amount of $ <u>45,958.42</u>.

3.  [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on <u>June 11, 2008</u> at OR Book <u>45442</u> Page <u>424</u> of the official records of <u>Broward</u> County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4.  (Select only one):

    <u>   </u>  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    <u> X </u>  Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general

       unsecured claim in the amount of $ <u>45,958.42</u>, regardless of the original classification in the proof of claim as filed.

5.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Donna R. Joseph, Esquire
Fla Bar No. 827861
13899 Biscayne Blvd., Suite 142
North Miami Beach, FL 33181
Phone: 305-341-3410

Attorney <u>Donna R. Joseph</u> is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.